IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

RANDALL KALIK

     Plaintiff,

vs.

AON RISK SERVICES OF
FLORIDA, INC.

     Defendant.

_____/

## 97-1137 CIV-MORENO

CASE NO.

MAGISTRATE
BROWN

### COMPLAINT

Plaintiff, RANDALL KALIK sues Defendant AON RISK SERVICES OF FLORIDA, INC. and alleges:

### INTRODUCTION

1.   This action seeks relief for sexual harassment in violation of Title VII, 42 U.S.C. 2000e and Chapter 760, the Florida Civil Rights Act, and for negligent supervision and negligent retention.

### JURISDICTION

2.   Jurisdiction of Counts I and II of the complaint for violation of 42 U.S.C. Section 2000e-2(a) is invoked pursuant to 28 U.S.C. Sections 1331 and 1343 and 42 U.S.C. Section 2000e-5(f)(3). Supplemental jurisdiction of Counts III, IV, V and VI is invoked pursuant to 28 U.S.C. 1367.



3. Declaratory, injunctive and equitable relief is sought pursuant to 28 U.S.C. Section 2201 and 2202, 42 U.S.C. Section 2000e-5(g) and Section 760.11(5), Florida Statutes.

4. Compensatory and punitive damages are sought pursuant to 42 U.S.C. Section 1981(a) and (b), Section 760.11(5), Florida Statutes and the common law of the State of Florida.

5. Back pay, reinstatement and/or front pay are sought pursuant to 42 U.S.C. 2000e-5(g) and pursuant to Section 760.11(5), Florida Statutes.

6. Venue is proper in the Miami Division of the Southern District of Florida pursuant to 42 USC 2000e-5(f)(3) and 28 USC 1391(b) inasmuch as the acts which form the basis of the claim occurred within the Southern District of the State of Florida.

7. Costs, expert fees and attorney's fees are sought pursuant to 42 U.S.C. Section 2000e-5(k) and Section 760.11(5), Florida Statutes.

8. All jurisdictional prerequisites to bringing this action have been met or waived.

<u>PARTIES</u>

9. Plaintiff, RANDALL KALIK, is a former employee of the Defendant, AON RISK SERVICES OF FLORIDA, INC. ("AON") and maintains a residence in Dade County, Florida.

10. (a) Defendant is a Florida corporation which is a subsidiary of AON, Inc. a national corporation with headquarters in Chicago, Ill. AON is authorized to conduct business in the State of Florida and maintains offices in Tampa, Boca Raton, Jacksonville and Coral Gables, Florida.

(b)   At all relevant times herein, AON employed in excess of fifteen employees and met the definition of "employer" under both 42 U.S.C. Section 2000e-(b) and Section 760.02(7), Florida Statutes.

## FACTUAL BACKGROUND

11.   Plaintiff became employed by AON in March, 1995 as a LAN (Local Area Network) administrator in its Coral Gables office. Based on the outstanding level of his performance during the initial four months of employment, Plaintiff was named as Employee of the Quarter and was asked to participate in several leadership and management seminars.

12.   Within the first six months of employment, Plaintiff was promoted to the position of Director of Information Systems - Florida and received a large bonus.   AON thought so highly of Plaintiff's skills and abilities that Plaintiff was advised of his consideration for the position of corporate liaison for all information systems operations in Florida.

13.   In the course of performing his duties at AON, Plaintiff was required to work with a corporate employee named Maureen Kavanagh.   Among other duties, Ms. Kavanagh was (and on information and belief is still) responsible for oversight of AON's AS400 information systems.   Ms. Kavanagh's corporate responsibilities placed her in a direct position to grade the quality of Plaintiff's work product and to affect his advancement, salary, assignments, evaluations, and other terms and conditions of employment.

14.   From approximately August, 1995, through March, 1996, Plaintiff   worked   with   Ms.   Kavanagh   on   projects   affecting

information systems operations in AON's Florida offices.  During this period, they worked together in Jacksonville, Tampa, Coral Gables and Boca Raton, coordinating and troubleshooting the installation of new hardware and software configurations.  Their working relationship was carried out in face-to-face meetings at various AON facilities throughout Florida and in Chicago and through numerous telephone conversations.

15.    From and after October, 1995, Plaintiff began experiencing unwelcome and uninvited personal attention from Ms. Kavanagh as they came into contact with one another in the workplace.  Ms. Kavanaugh's conduct and behavior included such acts as:

   a.    Grabbing his buttocks while working together in the Coral Gables office late one night in November, 1995, in the presence of another female employee who warned Ms. Kavanagh that such behavior was inappropriate.   Ms. Kavanagh responded that "I can do it. I can do what I want."

   b.    Making repeated offers to Plaintiff to stay in her hotel room to shower and sleep over when they were working together on projects in Coral Gables and Tampa, which Plaintiff continually declined.

   c.    On or about December 29, 1995, Ms. Kavanagh returned to the Coral Gables office to work with Plaintiff on month end reports.  Ms. Kavanagh arrived on the Thursday before New Year's Eve.  From the time she arrived, Ms. Kavanagh repeatedly stated to Plaintiff that she did not look forward to spending the night alone in her hotel room. Plaintiff did not wish to spend New Year's Eve with Ms. Kavanagh and did not act on her suggestion; and

   d.    Telling Plaintiff in a subsequent telephone conversation January 20, 1996, "You need to get laid."

16.  Plaintiff viewed these incidents as unwelcome, upsetting and embarrassing and tried to avoid situations that would place them along together.    However,  his  attempts  to  keep  their

relationship purely professional were met with hostility by Ms. Kavanagh and implicit and explicit threats that his failure to respond on a more personal basis to her would have adverse consequences on his continued employment.

17.   For example, on several occasions Ms. Kavanagh told Plaintiff that they "worked well together" and it would be a shame if any "personality issues" or "permanent problems" came between them or words to that effect.   Following the New Year's Eve incident, Ms. Kavanagh became so cold and hostile towards Plaintiff that she later flew into a rage while working with him and left the Coral Gables office.

18.   On or about March 11, 1996, Plaintiff was required to meet Ms. Kavanagh at a technology conference held at AON's corporate headquarters in Chicago.  Following the second day of the conference, Ms. Kavanagh openly asked Plaintiff in the company of two corporate employees why he never took her out socially while she was in Florida.  Plaintiff did not respond because he knew that he would be required to work with Ms. Kavanagh on a week long project the following week.

19.   Thereafter Plaintiff and Ms. Kavanagh met in Jacksonville to commence the project.  Immediately upon Plaintiff's arrival, Ms. Kavanagh undertook a course of retaliatory acts which had the purpose and effect of sabotaging Plaintiff's work on the project and adversely affecting his employment, including:

a.   continually and openly challenging Plaintiff's competence to the Jacksonville office staff who were depending on his leadership, knowledge and skills to complete the LAN installation;

and

b.   continually reporting to corporate headquarters in Chicago by telephone that Plaintiff lacked plans and was unprepared for the Jacksonville installation, was incompetent, and on information and belief, recommending and demanding that he be fired immediately.

20.   As a result of Ms. Kavanagh's false and retaliatory statements, Plaintiff was called in Jacksonville by his supervisor, dismissed from the project and instructed to fly back to Coral Gables immediately.  Upon his arrival, he was summarily terminated.

21.   AON's decision to fire Plaintiff was directly and causally related to, and ratified, Ms. Kavanagh's retaliation.

22.   Following his termination, Plaintiff informed AON that Ms. Kavanagh had engaged in sexual harassment and retaliation towards him but AON (on information and belief) failed or refused to investigate his complaint and if it did, took no disciplinary action against Ms. Kavanagh.

23.   On information and belief, AON had actual or constructive knowledge that Ms. Kavanagh had previously engaged in inappropriate behavior towards others in the company but failed to take prompt remedial action to prevent the reoccurrence of similar behavior on her part.

24.   As a result of Ms. Kavanagh's and AON's actions, Plaintiff suffered psychological and emotional distress which interfered with his well-being and ability to carry on the functions of his life and to work.

25.   Plaintiff timely filed charges of sex discrimination and retaliation with the Equal Employment Opportunity Commission.

Plaintiff requested and was issued the attached Notice of Right to Sue on January 29, 1997, which was received on January 31, 1997.

26.   Plaintiff has hired the undersigned law firm to enforce his rights and has agreed to pay the firm a reasonable attorney's fee.

## COUNT I

### Violation of Title VII - Quid Pro Quo Sexual Harassment

27.   Plaintiff incorporates by reference paragraphs 1 through 26, all of which amount to quid pro quo sexual harassment in violation of Title VII of the Civil Rights Act of 1964, as amended.

WHEREFORE, Plaintiff prays this Court will:

a.   Issue a declaratory judgment declaring that AON's conduct toward Plaintiff violated Title VII of the Civil Rights Act of 1964, as amended.

b.   Enjoin and restrain AON and all other persons acting on behalf of, or in concert with AON from engaging in such unlawful practices.

c.   Enter judgment in favor of Plaintiff and against AON for back pay in the amount of wages and fringe benefits it is determined that Plaintiff lost as a result of AON's unlawful conduct, together with interest.

d.   Enter judgment in favor of Plaintiff and against AON reinstating Plaintiff to the position he would have held absent AON's unlawful conduct.  In the alternative, award Plaintiff front pay in the amount of wages and benefits it is determined that Plaintiff is likely to lose because of AON's unlawful conduct.

e.   Enter judgment in favor of Plaintiff and against AON for

compensatory damages, including but not limited to damages for mental anguish and humiliation, together with interest.

f.   Enter judgment in favor of Plaintiff and against AON for punitive damages.

g.   Award Plaintiff the costs of this action, his expert witness fees and a reasonable attorneys' fee.

h.   Award such other and further legal and equitable relief as may be appropriate to redress fully the deprivation of Plaintiff's rights, to prevent their reoccurrence in the future and to protect other employees of AON from such unlawful behavior.

**COUNT II**

**Violation of Civil Rights Act of 1964
Hostile Working Environment**

28.   Plaintiff incorporates by reference paragraphs 1 through 26 hereof.

29.   Kavanagh's sexual harassment of Plaintiff was continuous, pervasive, and unwelcome and created a sexually hostile and abusive working environment which interfered with Plaintiff's ability to carry out and keep his job, all in violation of Title VII of the Civil Rights Act of 1964, as amended.

WHEREFORE, Plaintiff prays this Court will:

a.   Issue a declaratory judgment declaring that AON's conduct toward Plaintiff violated Title VII of the Civil Rights Act of 1964, as amended.

b.   Enjoin and restrain AON and all other persons acting on behalf of, or in concert with AON from engaging in such unlawful practices.

c.   Enter judgment in favor of Plaintiff and against AON for back pay in the amount of wages and fringe benefits it is determined that Plaintiff lost as a result of AON's unlawful conduct, together with interest.

d.   Enter judgment in favor of Plaintiff and against AON reinstating Plaintiff to the position he would have held absent AON's unlawful conduct.  In the alternative, award Plaintiff front pay in the amount of wages and benefits it is determined that Plaintiff is likely to lose because of AON's conduct.

e.   Enter judgment in favor of Plaintiff and against AON for compensatory damages, including but not limited to damages for mental anguish and humiliation, together with interest.

f.   Enter judgment in favor of Plaintiff and against AON for punitive damages.

g.   Award Plaintiff the costs of this action, his expert witness fees and a reasonable attorneys' fee.

h.   Award such other and further legal and equitable relief as may be appropriate to redress fully the deprivation of Plaintiff's rights, to prevent their reoccurrence in the future and to protect other employees of AON from such unlawful behavior.

## COUNT III

### Violation of Chapter 760
### Quid Pro Quo Sexual Harassment

30.   Plaintiff incorporates by reference paragraphs 1 through 26, all of which amount to quid pro quo sexual harassment in violation of Chapter 760, Florida Statutes.

WHEREFORE, Plaintiff prays this Court will:

a.   Issue a declaratory judgment declaring that AON's conduct

toward Plaintiff violated Chapter 760, Florida Statutes.

b.   Enjoin and restrain AON and all other persons acting on behalf of, or in concert with AON from engaging in such unlawful practices.

c.   Enter judgment in favor of Plaintiff and against AON for back pay in the amount of wages and fringe benefits it is determined that Plaintiff lost as a result of AON's unlawful conduct, together with interest.

d.   Enter judgment in favor of Plaintiff and against AON reinstating Plaintiff to the position she would have held absent AON's unlawful conduct.  In the alternative, award Plaintiff front pay in the amount of wages and benefits it is determined that Plaintiff is likely to lose because of AON's unlawful conduct.

e.   Enter judgment in favor of Plaintiff and against AON  for compensatory damages, including but not limited to damages for mental anguish and humiliation, together with interest.

f.   Enter judgment in favor of Plaintiff and against AON for punitive damages.

g.   Award Plaintiff the costs of this action, his expert witness fees and a reasonable attorney's fee.

h.   Award such other and further legal and equitable relief as may be appropriate to redress fully the deprivation of Plaintiff's rights, to prevent their reoccurrence in the future and to protect other employees of AON from such unlawful behavior.

## COUNT IV

### Violation of Chapter 760
### Hostile Working Environment

31.  Plaintiff incorporates by reference paragraphs 1 through 26 hereof.

32.  Kavanagh's sexual harassment of Plaintiff was continuous, pervasive and unwelcome and created a sexually hostile and abusive working environment which interfered with Plaintiff's ability to carry out and keep his job, all in violation of Chapter 760, Florida Statutes, as amended.

WHEREFORE, Plaintiff prays this Court will:

a.  Issue a declaratory judgment declaring that AON's conduct toward Plaintiff violated Chapter 760, Florida Statutes;

b.  Enjoin and restrain AON and all other persons acting on behalf of, or in concert with AON from engaging in such unlawful practices;

c.  Enter judgment in favor of Plaintiff and against AON for back pay in the amount of wages and fringe benefits it is determined that Plaintiff lost as a result of AON's unlawful conduct, together with interest;

d.  Enter judgment in favor of Plaintiff and against AON reinstating Plaintiff to the position she would have held absent AON's unlawful conduct.  In the alternative, award Plaintiff front pay in the amount of wages and benefits it is determined that Plaintiff is likely to lose because of AON's unlawful conduct;

e.  Enter judgment in favor of Plaintiff and against AON for compensatory damages, including but not limited to damages for mental anguish and humiliation, together with interest;

f.   Enter judgment in favor of Plaintiff and against AON for punitive damages;

g.   Award Plaintiff the costs of this action, his expert witness fees and a reasonable attorney's fee;

h.   Award such other and further legal and equitable relief as may be appropriate to redress fully the deprivation of Plaintiff's rights, to prevent their reoccurrence in the future and to protect other employees of AON from such unlawful behavior.

## COUNT V

### Negligent Supervision

33.   Plaintiff incorporates by reference paragraphs 1 through 24 hereof.

34.   As an employer, AON owed Plaintiff legal duties, among which are to insure that its workplace was free from tortious conduct and sexual harassment and to insure that supervisors and corporate employees exercise their authority and behave appropriately.

35.   On information and belief, AON knew or should have known that Maureen Kavanagh had engaged in sexual harassment and/or had abused her authority as a corporate employee towards fellow or subordinate employees at AON and despite that knowledge failed to take any measures that would have prevented reoccurrences of that conduct.

36.   AON breached its duty to Plaintiff by failing to properly supervise Ms. Kavanagh and by placing him in a position where she could misuse her authority to sexual harass him.   AON further breached its duty to Plaintiff by failing to take any employment

action against Ms. Kavanagh, after including termination, after learning from him that Ms. Kavanagh had sexually harassed and retaliated against him.

37.   If AON had exercised reasonable care in the supervision of Ms. Kavanagh, Plaintiff would not have been injured, or if injured, the damages sustained would have been less severe.  AON's conduct fell below the standards of care required of an employer for properly supervising its workforce.

38.   As a direct and proximate result of AON's negligence, Plaintiff suffered damages of an economic, psychological, mental and emotional nature, including but not limited to mental anguish, emotional distress, humiliation, and depression.

39.   AON's actions were willful and wanton and in such disregard of Plaintiff's rights that they warrant the imposition of exemplary damages to punish AON and to deter it from similar future actions.  Plaintiff reserves the right to petition the Court at a later date to amend the pleadings to add a request for punitive damages pursuant to Section 768.72, Florida Statutes.

WHEREFORE, Plaintiff demands judgment against Defendant, AON for damages, costs and any other relief this Court deems just and proper.

## COUNT VI

### Negligent Retention

40.   Plaintiff incorporates by reference paragraphs 1 through 24 hereof.

41.   As an employer, AON owed Plaintiff legal duties, among which are to insure that its workplace was free from tortious

conduct and sexual harassment and to insure that supervisors and corporate employees exercise their authority and behave appropriately.

42. On information and belief, AON knew or should have known that Maureen Kavanagh previously abused her authority and acted in an inappropriate manner towards subordinate and fellow employees at AON and despite that knowledge, failed to take any measures that would have prevented reoccurrence of her conduct.

43. AON breached its duty to Plaintiff by retaining Ms. Kavanagh after knowledge of her previous abuses of authority and by failing to require her to adhere to appropriate standards of conduct in the workplace.

44. If AON had exercised reasonable care in terminating Ms. Kavanagh after it first became aware of her conduct, Plaintiff would not have been injured, or if injured, the damages sustained would have been less severe. AON's conduct fell below the standard of care required for an employer for maintaining a workforce.

45. As a direct and proximate result of AON's negligence in failing to previously terminate Kavanagh's performance, Plaintiff suffered damages of an economic, psychological, mental and emotional nature, including but not limited to mental anguish, emotional distress, humiliation and depression.

46. AON's actions were willful, wanton and in such disregard of Plaintiff's rights that they warrant the imposition of exemplary damages to punish AON and to deter it from similar future actions. Plaintiff reserves the right to petition the Court at a later date to amend the pleadings to add a request for punitive damages

pursuant to Section 768.72, Florida Statutes.

WHEREFORE, Plaintiff demands judgment against Defendant, AON for damages, costs and any other relief this Court deems just and proper.

## Demand for Jury Trial

Plaintiff demands jury trial of all issues so triable by right.

DATED this 25th day of April, 1997.

LANGBEIN & LANGBEIN, P.A.
Attorneys for Plaintiff
20801 Biscayne Blvd, Suite 506
Miami, FL   33180
Tel:  (305)  936-8844
Fax:  (305)  936-9840

By: _____
        Leslie W. Langbein, Esq.
        Fla. Bar No. 305391

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE
*(ISSUED ON REQUEST)*

| To: | From: |
|---|---|
| Randall Kalik<br>3630 Yacht Club Drive<br>Apt. 606<br>Aventura, Florida 33180<br>☐ *On behalf of a person aggrieved whose identity is CONFIDENTIAL*<br>*(29 C.F.R. 1601.7(a))* | Miami District Office<br>Equal Employment Opportunity Commission<br>One Biscayne Tower, Suite 2700<br>2 South Biscayne Boulevard<br>Miami, Florida 33131-1805 |

| Charge Number | EEOC Representative | Telephone Number |
|---|---|---|
| 150 96 2734 | Juan M. Gonzalez, Supervisor | 305/530-6044 |

(See the additional information attached to this form.)

## NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act(ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your suit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[x] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[x] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required). EPA suits must be brought in federal or state court within within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court compliant to this office.

On Behalf of the Commission

**JAN 29 1997**
_____
(Date Mailed)

_____
Federico Costales, District Director

Enclosures
    Information Sheet
    Copy of Charge

cc:   Janice H. Houlihan              Leslie W. Langbein, Esq.
      Assistant Manager, EEO        **LANGBEIN & LANGBEIN, P.A.**
      **AON RISK SERVICES**          Aventura Corporate Center, Ste. 506
      123 N. Wacker Drive            20801 Biscayne Boulevard
      Chicago, Illinois 60606-1700     Miami, Florida 33180
      **Respondent's Representative**     **Charging Party's Representative**

EEOC Form 161-8 (10/96)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file lawsuit against the respondent(s) named in the charge <u>**within 90 days of the date you receive this Notice.**</u> Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was mailed to you** (as indicated where the Notice is signed).

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: backpay due for violations that occurred **more than <u>2 years (3 years)</u> before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/96 to 12/1/96, you should file suit <u>before 7/1/98</u> -- not 12/1/98 -- in order to recover unpaid wages due for July 1996. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>**and**</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charges are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

### IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 19___. ___ Privacy Act Statement before completing this form.

AGENCY: ☐ FEPA  ☐ EEOC

CHARGE NUMBER: 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

RECEIVED MAY 3 0 1996

Florida Commission on Human Relations
*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Randall Kalik | (305) 773-9505 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 3630 Yacht Club Drive, Apt. 606, Aventura, FL 33180 | | 2/14/64 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| AON Risk Services Inc. of Fla. | 15± | (305) 448 2211 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 201 Alhambra Circle, Suite 900, Coral Gables, FL 33134 | | Dade |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

**CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))**

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ AGE
☐ RETALIATION  ☐ NATIONAL ORIGIN  ☐ DISABILITY  ☐ OTHER (Specify)

**DATE DISCRIMINATION TOOK PLACE**
EARLIEST (ADEA/EPA)     LATEST (ALL)
                        3/22/96

☐ CONTINUING ACTION

**THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):**

1. I am a White Male. From March, 1995 through March, 1996, I worked for the employer's Coral Gables office first as a LAN administrator and then as its Director of Information Systems-Florida. Up until the time of my termination, I was well-regarded within my office and at the corporate level for my skills. I received numerous raises and accolades and had never been disciplined.

2. During the period of October, 1995 through March, 1996, while working with a female member of the company's corporate staff, I was subjected to sexual harassment including physical contact, sexually suggestive remarks, suggestions for dates, and invitations to go to her hotel room. I found this conduct unwelcome and repeatedly declined her invitations. Finally, in March, 1996, I informed this woman that I did not care to have a personal relationship with her.

(Cont'd next page)

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Date ___   Charging Party (Signature) ___

NOTARY – (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)
5-30-96

SUSAN JOY SMITH
SUSAN JOY SMITH
My Commission CC518738
Expires Dec. 17, 1999

EEOC FORM 5 (Test 10/94)

Page 2
Charge of Discrimination
Charging Party:  Randall Kalik
Respondent:  AON Risk Services

3.    A week later, we worked together again on a LAN installation
      project.   During the installation, the woman deliberately
      sabotaged my work and efforts, accused me of being incompetent
      and then demanded that I be removed from the project, all in
      retaliation for rejecting her personal advances.  In response
      to her demand, I was summarily removed from the project by the
      corporate and Coral Gables offices and immediately fired.  The
      company has not fired, much less disciplined, other female
      employees who have accused of similar actions.

4.    I believe that I have been discriminated against because of my
      gender, male, in violation of Title VII of the Civil Rights
      Act of 1964, as amended.

# CIVIL COVER SHEET

CV-MORENO

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| RANDALL KALIK | AON RISK SERVICES of FLORIDA, INC. |

MAGISTRATE BROWN

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** DADE
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT DADE
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

A-SOUTH 97-1137 MORENO/Brown

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
LANGBEIN & LANGBEIN, P.A.
20801 Biscayne Blvd.
Aventura, FL 33180

ATTORNEYS (IF KNOWN)

**(d) CIRCLE COUNTY WHERE ACTION AROSE:**
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION
(PLACE AN X ONE BOX ONLY)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Case Only)
(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated of Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 U.S.C. 2000e. (Title VII- Sexual Harassment)

**IVa.** 7 days estimated (for both sides) to try entire case

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| A CONTACT | A TORTS | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 362 Personal Injury-Med Malpractice | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury-Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. **B** |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personnel Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) **B** | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits **B** | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending **B** | ☐ 660 Occupational Safety/Health | **B SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personnel Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12USC3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | **A LABOR** | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **B PRISONER PETITIONS** | ☐ 720 Labor Management Relations **B** | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure **B** | ☒ 442 Employment | Habeas Corpus | ☐ 740 Railway Labor Act | **A FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General * | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Employee Ret. Inc. Security Act **B** | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other * | | | ☐ 890 Other Statutory Actions * |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights * A or B | | | * A or B |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

- ☒ 1. Original Proceeding
- ☐ 2. Removed From State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Refiled
- ☐ 5. Transferred from another district (Specify)
- ☐ 6. Multidistrict Litigation
- ☐ 7. Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT

CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23

DEMAND $

Check YES only if demanded in complaint: ☒ YES

JURY DEMAND: ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See Instructions): None

JUDGE _____   DOCKET NUMBER _____

DATE 4/22/97

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT
S/F I-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. 51375
Date Paid: 4/22/97

Amount: 150.00
M/ifp: _____